## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Shaoshan Zhangzhu Trading Co., Ltd.; Wenxi Lixinhui Trading Co., Ltd.; Changsha Tanxiang Trading Co., Ltd.; Xiangtan Xingyan Trading Co., Ltd.; Boai County Wenkang Department Store Online Shop; Xiangxiang Junkoujin Trading Co., Ltd.; Xianyou County Huanke Trading Co., Ltd.<br><br>*Plaintiff*,<br><br>v.<br><br>Arthur Lih, and Life Vac LLC,<br><br>*Defendants*. | CASE NO. 1:25-cv-2198<br><br>JURY DEMAND |

## COMPLAINT

This is an action brought under the Declaratory Judgment Act by Plaintiffs Shaoshan Zhangzhu Trading Co., Ltd, d/b/a Aodenn ("Zhangzhu"), Wenxi Lixinhui Trading Co., Ltd., d/b/a AODENN- ("Lixinhui"), Changsha Tanxiang Trading Co., Ltd., d/b/a Dlilidi-- ("Tanxiang"), Xiangtan Xingyan Trading Co., Ltd., d/b/a Dililidi~ ("Xingyan"), Boai County Wenkang Department Store Online Shop, d/b/a Dlilidi-US ("Wenkang"), Xiangxiang Junkoujin Trading Co., Ltd., d/b/a Dililidi- ("Junkoujin"), Xianyou County Huanke Trading Co., Ltd., d/b/a Dililidi· ("Huanke"), (collectively as "Plaintiffs"), against Defendants, Arthur Lih and Life Vac LLC (collectively as "Defendants"), claiming for patent non-infringement of certain Choking Rescue Device, as defined herein ("Choking Rescue Device"), and invalidity against U.S. Patent No. 10,025,115 ("'115 Patent"). Upon actual knowledge with respect to itself and its acts, and upon information and belief as to all other matters, Plaintiffs allege as follows:

///

1

## INTRODUCTION

1. Plaintiffs received several Notifications from Amazon.com since April 12, 2025, stating that Plaintiffs' Choking Rescue Device were removed because of alleging infringement of the '115 Patent. Amazon also notified Plaintiffs that it needs a court order stating that Plaintiffs are allowed to sell the removed products to reactivate their listings. Defendants' objectively baseless infringement complaint to Amazon has caused and continues to cause significant harm to Plaintiffs as the Choking Rescue Device have been removed from Amazon and Plaintiffs will lose all associated good will in the listings, not to mention lost sales. The alleged infringement to Amazon is wholly without merit as the Plaintiffs' Choking Rescue Device do not meet each and every limitation of any claim under the '115 Patent. Furthermore, the '115 Patent is invalid under 35 U.S.C. §§ 102, 103 and/or 112.

## NATURE OF THE ACTION

2. This action seeks Declaratory Judgments of patent non-infringement under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, and the United States Patent Laws, 35 U.S.C. § 101 *et seq*. Defendants' actions have caused and continues to cause significant harm to Plaintiffs as the Choking Rescue Device have been removed from Amazon through the enforcement of the '115 Patent.

3. This is an action under the Declaratory Judgment Act, 28 U.S.C.§§ 2201 and 2202, seeking a declaratory judgment that Defendants' U.S. Patent No. 11,478,115 is invalid under at least 35 U.S.C. §§ 102, 103 and/or 112.

///

///

///

## PARTIES

4. Plaintiff Shaoshan Zhangzhu Trading Co., Ltd is a foreign company organized under the laws of the People's Republic of China, and sells the Choking Rescue Device on Amazon under the name "Aodenn."

5. Plaintiff Wenxi Lixinhui Trading Co., Ltd., is a foreign company organized under the laws of the People's Republic of China, and sells the Choking Rescue Device on Amazon under the name "AODENN-."

6. Plaintiff Changsha Tanxiang Trading Co., Ltd., is a foreign company organized under the laws of the People's Republic of China, and sells the Choking Rescue Device on Amazon under the name "Dlilidi--."

7. Plaintiff Xiangtan Xingyan Trading Co., Ltd., is a foreign company organized under the laws of the People's Republic of China, and sells the Choking Rescue Device on Amazon under the name "Dililidi~."

8. Plaintiff Boai County Wenkang Department Store Online Shop is a foreign company organized under the laws of the People's Republic of China, and sells the Choking Rescue Device on Amazon under the name "Dlilidi-US."

9. Plaintiff Xiangxiang Junkoujin Trading Co., Ltd., is a foreign company organized under the laws of the People's Republic of China, and sells the Choking Rescue Device on Amazon under the name "Dililidi-."

10. Plaintiff Xianyou County Huanke Trading Co., Ltd., is a foreign company organized under the laws of the People's Republic of China, and sells the Choking Rescue Device on Amazon under the name "Dililidi·."

3

11. Upon information and belief, Defendant Arthur Lih is an individual resides at, 149-09 183rd Street, Springfield Gardens, NY 11413.

12. Upon information and belief, Arthur Lih is the listed Inventor and Applicant of the '115 Patent.

13. Upon information and belief, Defendant Life Vac LLC is a company organized and existing under the laws of New York, with the principal office address at 120 Lake Avenue South, Nesconset, NY 11767-1060.

14. Upon information and belief, Life Vac LLC is authorized by Arthur Lih to enforce the '115 Patent against Plaintiffs.

## JURISDICTION AND VENUE

15. This Court has subject matter jurisdiction under 28 U.S.C. §§ 2201, 2202, 1331, 1338(a), because this action arises under the laws of the United States, in particular the Patent Act of the United States, 35 U.S.C. § 100 et seq.

16. An actual case or controversy exists between the parties to this action. Defendants' actions have caused and continue to cause significant harm to Plaintiffs as the Choking Rescue Device have been removed from Amazon through the enforcement of the '115 Patent. Defendants' actions thereby give rise to an actual controversy under 28 U.S.C. §§ 2201 et. seq.

17. Venue is proper in this Court pursuant to 28 U.S.C.§ 1391, and this Court may properly exercise personal jurisdiction over Defendants since the Defendants reside in this District.

## THE PLAINTIFFS' CHOKING RESCUE DEVICE

18. On April 12, 2025, Zhangzhu received a notification from Amazon. *See* Exhibit A. This notice informed Zhangzhu that Amazon removed its listings, ASIN No. B0D94HKXVW,

4

because of Defendants' alleged infringement of the '115 Patent. Amazon also provided the Rights owner's name as LifeVac and its email address is ipreporting@duanemorris.com. *Id*.

19. On April 12, 2025, Lixinhui received a notification from Amazon. *See* Exhibit B. This notice informed Lixinhui that Amazon removed its listings, ASIN Nos. B0D41XX2PJ, B0D94HKXVW, and B0D94JXTFQ, because of Defendants' alleged infringement of the '115 Patent. Amazon also provided the Rights owner's name as LifeVac and its email address is ipreporting@duanemorris.com. *Id*.

20. On April 12, 2025, Tanxiang received a notification from Amazon. *See* Exhibit C. This notice informed Tanxiang that Amazon removed its listings, ASIN Nos. B0DDBT1JSJ, B0D7HXC8KM, and B0D94MV11C, because of Defendants' alleged infringement of the '115 Patent. Amazon also provided the Rights owner's name as LifeVac and its email address is ipreporting@duanemorris.com. *Id*.

21. On April 12, 2025, Xingyan received a notification from Amazon. *See* Exhibit D. This notice informed Xingyan that Amazon removed its listings, ASIN No. B0D7HTNQL6, because of Defendants' alleged infringement of the '115 Patent. Amazon also provided the Rights owner's name as LifeVac and its email address is ipreporting@duanemorris.com. *Id*.

22. On April 12, 2025, Wenkang received a notification from Amazon. *See* Exhibit E. This notice informed Wenkang that Amazon removed its listings, ASIN Nos. B0D7HTNQL6 and B0D7HXC8KM, because of Defendants' alleged infringement of the '115 Patent. Amazon also provided the Rights owner's name as LifeVac and its email address is ipreporting@duanemorris.com. *Id*.

23. On April 12, 2025, Junkoujin received a notification from Amazon. *See* Exhibit F. This notice informed Junkoujin that Amazon removed its listings, ASIN No. B0D7HXC8KM,

because of Defendants' alleged infringement of the '115 Patent. Amazon also provided the Rights owner's name as LifeVac and its email address is ipreporting@duanemorris.com. *Id*.

24. On April 12, 2025, Huanke received a notification from Amazon. *See* Exhibit G. This notice informed Huanke that Amazon removed its listings, ASIN No. B0DDBT1JSJ, because of Defendants' alleged infringement of the '115 Patent. Amazon also provided the Rights owner's name as LifeVac and its email address is ipreporting@duanemorris.com. *Id*.

25. The Amazon marketplace constitutes Plaintiffs' primary sales channel into the United States. To remain competitive in the United States market for Choking Rescue Device, Plaintiffs need their products listed in the Amazon marketplace. Amazon has removed Plaintiffs' Choking Rescue Device from the marketplace, preventing Plaintiffs from accessing their largest channel of trade because of Defendants' infringement reports. Thus, Defendants' submission of Amazon infringement reports has caused and continues to cause immediate and irreparable harm to Plaintiffs.

## U.S. PATENT NO. 11,478,115

26. The face of the '115 Patent lists Arthur Lih as the applicant and inventor of patent. *See* Exhibit H. The '115 Patent was issued on august 21, 2018. *Id*.

27. The '115 Patent is entitled "Choking Intervention Device and Method of Use Thereof" and generally discloses "A choking intervention device for clearing an object obstructing a breathing passage of a choking victim includes a bellows assembly and a removable facemask configured to enclose a person ' s mouth and nose." Exhibit H, at Abstract.

28. The '115 Patent has two independent claims and sixteen dependent claims, each claiming a choking intervention device. *See* Exhibit H.

## COUNT I
## (DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '115 PATENT)

6

29. Plaintiffs incorporate by reference the allegations set forth above in this Complaint as if fully set forth herein.

30. An actual, continuing and justiciable controversy exists between Plaintiffs and Defendants concerning the non-infringement of the '115 Patent by the Choking Rescue Device, as evidenced by Defendants' allegations of infringement on Amazon, as set forth above.

31. Plaintiffs' Choking Rescue Device does not infringe any of the presumably valid claims of the '115 Patent, as the Choking Rescue Device fails to meet one or more elements of independent claims 1 and 12 of the '115 Patent.

32. For example, Claim 1 of the '115 Patent recites that the "at least one relief valve" must be "disposed on" the external surface of either the bellows assembly or the facemask. This limitation indicates that the valve should be physically located on an outer area, accessible from the exterior. In contrast, Plaintiffs' Choking Rescue Device has its relief valve fully embedded within the bellows base. It is not visible or reachable from the outside; rather, it is built into an internal housing or compartment and cannot be accessed or manipulated directly. Because this design does not meet the requirement of being "disposed on" an external surface, it falls outside the literal scope of Claim 1. There is no reading under which "on" can be stretched to encompass a wholly internal component that is not at all affixed to or protruding from an outer surface.



33. Further, Plaintiffs' internally embedded valve also does not infringe under the doctrine of equivalents. The modes of operation of the Choking Rescue Device are different from the claimed design of the '115 Patent. First, the function-way-result test is not satisfied because an internal valve—sealed within the bellows base—relies on a distinct approach to venting air and cannot be inspected or adjusted externally, unlike a surface-mounted valve. Second, the specification and examples of the '115 Patent never suggest a buried valve location, indicating that such an arrangement was not intended or disclosed as part of the claimed invention.

34. Claim 12 of the '115 Patent shares the majority of its limitations (including the key term "disposed on") with Claim 1, and both claims pertain to technical solutions developed by the inventor of the '115 patent to choking intervention device. Therefore, the non-infringement contentions related to Claim 1 are incorporated by reference here to continue supporting the conclusion that Plaintiffs' Choking Rescue Device does not infringe the Claim 12, whether under literal interpretation or the doctrine of equivalents.

35. Thus, among other things, Plaintiffs' Choking Rescue Device does not meet the limitation of the independent Claims 1 and 12 of the '115 Patent.

36. Likewise, since the independent Claims 1 and 12 are not infringed, neither are dependent claims 2-6. *Wahpeton Canvas Co. v. Frontier, Inc*., 870 F.2d 1546, 1552 n.9, 1553 (Fed. Cir. 1989) (a dependent claim cannot be infringed if any claim from which it depends is not infringed).

37. Defendants' baseless infringement reports on the Amazon platform have caused imminent and real threat of an infringement lawsuit.

38. Pursuant to the Declaratory Judgment Act, Plaintiffs request a judicial determination and declaration that the Choking Rescue Device do not infringe, either directly or

indirectly, literally or under the doctrine of equivalents, any presumably valid claim of the '115 Patent.

## COUNT II
## (DECLARATORY JUDGMENT OF INVALIDITY OF THE '115 PATENT)

39. Plaintiffs incorporate by reference the allegations set forth above in this Complaint as if fully set forth herein.

40. An actual, continuing and justiciable controversy exists between Plaintiffs and Defendants concerning the validity of the '115 Patent, as evidenced by Defendant' allegations of infringement on Amazon, as set forth above.

41. Claims 1-18 of the '115 Patent are invalid under 35 U.S.C. § 102 and/or § 103 at least in light of the prior art cited herein.

42. U.S. Patent No. 4,971,053 is entitled "Suction mask to relieve choking" to Edward ("Edward"). Edward was filed on May 4, 1989, and was issued on November 20, 1990. A copy of Dae is attached as Exhibit I.

43. U.S. Patent No. 4,643,719 is entitled "Manually operable aspirator" to Garth ("Garth"). Garth was filed on July 19, 1984, and issued on February 17, 1987. A copy of Garth is attached as Exhibit J.

44. Claims 1-18 of the '115 Patent are rendered obvious by Garth and Edward as shown in the invalidity claim chart attached as Exhibit K.

45. Plaintiffs seek a declaratory judgment that claims 1-18 of the '115 Patent are invalid for failing to satisfy the criteria of 35 U.S.C. §§ 102, 103 and/or 112, in light of the cited prior arts.

## COUNT III
## (TORTIOUS INTERFERENCE WITH EXISTING BUSINESS RELATIONSHIPS)

46. Plaintiffs incorporate by reference the allegations set forth above in this Complaint as if fully set forth herein.

47. Defendants' actions, as described herein, including baseless infringement claim to Amazon that Plaintiffs' Choking Rescue Device infringe upon its invalid '115 Patent has harmed Plaintiffs' selling relationship with Amazon by (a) effectively causing the imminent removal from Amazon of Plaintiff's list, and (b) putting Plaintiffs at risk of their Amazon stores being permanently closed as a result of legally false infringement complaints, and (c) hindering the continued sale and positive review of the Plaintiffs' Choking Rescue Device by Amazon customers so that, even if the listing were restored, it would be at a disadvantage to similar products offered by Plaintiffs' competitors.

48. Defendants intended to harm and have irreparably harmed Plaintiffs' reputation with Amazon by making these false statements to Amazon.

49. Plaintiffs would lose valuable selling opportunities as a direct and proximate suffer, severe irreparable harm from which there is no adequate remedy at law.

50. Plaintiffs are entitled to the imposition of a preliminary and permanent injunction against the Defendants, to restrain and enjoin it and its agents from further tortiously interfering with the Plaintiffs' business relationship with Amazon.

51. By reason of the foregoing, Plaintiffs are entitled to an award of damages from Defendants in an amount to be determined at trial.

52. Defendants' aforesaid acts are of such wanton, willful and malicious nature, that Plaintiffs are entitled to an award of punitive damages in an amount to be determined at trial, in order to punish the Defendants and deter others similarly situated from committing such acts in the future.

53. By reason of the foregoing, Plaintiffs are suffering and will continue to suffer irreparable harm, unless and until the Court directs the Defendants to withdraw its complaint to Amazon.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

A. Declaring that Plaintiffs' Choking Rescue Devices do not infringe any of the claims of the '115 Patent;

B. Declaring that the claims of the '115 Patent are invalid for failing to satisfy the criteria of 35 U.S.C. §§ 102, 103 and/or 112, in light of the cited prior arts;

C. Preliminary and permanent injunctions ordering Defendants to withdraw all Amazon infringement complaints lodged against the Plaintiffs' Choking Rescue Device based on the '115 Patent, and to refrain from lodging any further infringement complaints regarding the same;

D. A finding that this case is exceptional and an award to Plaintiffs of their costs, expenses, and reasonable attorney fees incurred in this action pursuant to 35 U.S.C § 285;

E. Awarding Plaintiffs damages due to Defendants' improper acts, doubled and/or trebled due to the willful and exceptional nature of the case;

F. Awarding Plaintiffs compensatory, general and special, consequential and incidental damages in an amount to be determined at trial;

G. Awarding Plaintiffs exemplary, punitive, statutory, and enhanced damages;

H. Awarding pre- and post- judgment interest; and

I. Awarding Plaintiffs such other and further relief as this Court deems is just and proper.

## JURY TRIAL DEMAND

Plaintiffs hereby demand a jury trial on all issues so triable.

| | |
|---|---|
| Date: April 21, 2025 | /s/ Wei Wang |
| | Wei Wang, Esq.<br>GLACIER LAW LLP<br>41 Madison Avenue, Suite 2529<br>New York, NY 10010<br>wei.wang@glacier.law<br>(212) 729-5073 |
| | Tao Liu, Esq.<br>GLACIER LAW LLP<br>41 Madison Avenue, Suite 2529<br>New York, NY 10010<br>Tao.liu@glacier.law<br>***Attorney for Plaintiffs*** |