IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Shaoshan Zhangzhu Trading Co., Ltd.; Wenxi Lixinhui Trading Co., Ltd.; Changsha Tanxiang Trading Co., Ltd.; Xiangtan Xingyan Trading Co., Ltd.; Boai County Wenkang Department Store Online Shop; Xiangxiang Junkoujin Trading Co., Ltd.; Xianyou County Huanke Trading Co., Ltd., <br><br> *Plaintiffs*, <br><br> v. <br><br> Arthur Lih, and Life Vac LLC, <br><br> *Defendants*. | Case No. 2:25-cv-2198-NJC-SIL |

**DEFENDANTS' ANSWER, DEFENSES, AND COUNTERCLAIMS**

Defendant Arthur Lih and Defendant Life Vac LLC (collectively, "LifeVac") submit the following Answer and Defenses to the Complaint of Plaintiffs Shaoshan Zhangzhu Trading Co., Ltd., Wenxi Lixinhui Trading Co., Ltd., Changsha Tanxiang Trading Co., Ltd., Xiangtan Xingyan Trading Co., Ltd., Boai County Wenkang Department Store Online Shop, Xiangxiang Junkoujin Trading Co., Ltd., and Xianyou County Huanke Trading Co., Ltd. (collectively, "Plaintiffs").

Pursuant to Federal Rule of Civil Procedure 8(b)(3), LifeVac denies all allegations in the Complaint, whether express or implied, that are not specifically admitted below. Factual allegations below are admitted only as to the specific admitted facts, not as to any purported conclusions, characterizations, implications, or speculations that arguably follow from the admitted facts. LifeVac denies that Plaintiffs are entitled to the relief requested or any other relief. LifeVac responds to the Complaint as follows:

The unnumbered introductory paragraph states a legal conclusion to which no response is required. To the extent that a response is required, LifeVac admits that the Complaint purports to

1

be an action that arises under the Declaratory Judgment Act 28 U.S.C. §§ 2201, *et seq.*, and the United States Patent Laws, 35 U.S.C. §§ 101, *et seq.* LifeVac otherwise denies that Plaintiffs' Choking Rescue Device does not infringe U.S. Patent No. 10,052,115 ("the '115 Patent"),[1] and denies that the '115 Patent is invalid.

## INTRODUCTION[2]

1. LifeVac is without knowledge and information sufficient to form a belief as to the factual allegations of Paragraph 1, and therefore, on that basis denies the same. Additionally, Paragraph 1 states legal conclusions to which no response is required. To the extent a response is required, LifeVac denies that Plaintiffs' Choking Rescue Device does not meet each and every limitation of any claim under the '115 Patent, denies that the '115 Patent is invalid under 35 U.S.C. §§ 102, 103, and/or 112, and denies that Plaintiffs are entitled to any relief.

## NATURE OF THE ACTION

2. Paragraph 2 states a legal conclusion to which no response is required. To the extent a response is required, LifeVac admits that the Complaint purports to be an action that arises under Declaratory Judgment Act, 28 U.S.C. §§ 2201, *et seq.*, and the United States Patent Laws, 35 U.S.C. §§ 101, *et seq.*, but denies the remainder of this Paragraph.

3. Paragraph 3 states a legal conclusion to which no response is required. To the extent a response is required, LifeVac admits that the Complaint purports to be an action that arises under Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202 seeking a declaratory judgment that

---

[1] Plaintiffs identify the wrong patent, "U.S. Patent No. 10,0**25**,115," which is titled "Spectacle lens having a plurality of diffraction structures for light." LifeVac does not own that patent.

[2] Section headings from the Complaint are reproduced here for ease of review. LifeVac does not agree with or admit to any facts, conclusions, or inferences drawn from the section headings.

"Defendants' U.S. Patent No. 11,478,115"[3] is invalid under at least 35 U.S.C. §§ 102, 103 and/or 112.

## PARTIES

4. LifeVac is without knowledge and information sufficient to form a belief as to the factual allegations of Paragraph 4, and therefore, on that basis denies the same.

5. LifeVac is without knowledge and information sufficient to form a belief as to the factual allegations of Paragraph 5, and therefore, on that basis denies the same.

6. LifeVac is without knowledge and information sufficient to form a belief as to the factual allegations of Paragraph 6, and therefore, on that basis denies the same.

7. LifeVac is without knowledge and information sufficient to form a belief as to the factual allegations of Paragraph 7, and therefore, on that basis denies the same.

8. LifeVac is without knowledge and information sufficient to form a belief as to the factual allegations of Paragraph 8, and therefore, on that basis denies the same.

9. LifeVac is without knowledge and information sufficient to form a belief as to the factual allegations of Paragraph 9, and therefore, on that basis denies the same.

10. LifeVac is without knowledge and information sufficient to form a belief as to the factual allegations of Paragraph 10, and therefore, on that basis denies the same.

11. LifeVac admits that Arthur Lih is an individual, but denies the remaining factual allegations of Paragraph 11.

12. With respect to Paragraph 12, LifeVac admits that the '115 Patent, on its face, lists Arthur Lih as the named inventor and applicant.

---

[3] Plaintiffs identify a second wrong patent, "U.S. Patent No. 11,478,115," which is titled "Autonomous traveling cleaner." LifeVac does not own that patent.

13. LifeVac admits the allegations of Paragraph 13.

14. Paragraph 14 states a legal conclusion to which no response is required. To the extent a response is required, LifeVac states that it holds all rights necessary to enforce the '115 Patent.

## JURISDICTION AND VENUE

15. Paragraph 15 states a legal conclusion to which no response is required. To the extent a response is required, LifeVac does not presently contest that this Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 2201, 2202, 1331, 1338(a) and admits that the Complaint purports to be an action that arises under the patent laws of the United States, 35 U.S.C. §§ 100, *et seq*.

16. Paragraph 16 states a legal conclusion to which no response is required. To the extent a response is required, LifeVac denies the allegations of Paragraph 16.

17. Paragraph 17 states a legal conclusion to which no response is required. To the extent a response is required, LifeVac does not presently contest venue in this judicial district for purposes of this action only.

## THE PLAINTIFFS' CHOKING RESCUE DEVICE

18. LifeVac is without knowledge and information sufficient to form a belief as to the factual allegations in Paragraph 18, and therefore denies the same.

19. LifeVac is without knowledge and information sufficient to form a belief as to the factual allegations in Paragraph 19, and therefore denies the same.

20. LifeVac is without knowledge and information sufficient to form a belief as to the factual allegations in Paragraph 20, and therefore denies the same.

4

21. LifeVac is without knowledge and information sufficient to form a belief as to the factual allegations in Paragraph 21, and therefore denies the same.

22. LifeVac is without knowledge and information sufficient to form a belief as to the factual allegations in Paragraph 22, and therefore denies the same.

23. LifeVac is without knowledge and information sufficient to form a belief as to the factual allegations in Paragraph 23, and therefore denies the same.

24. LifeVac is without knowledge and information sufficient to form a belief as to the factual allegations in Paragraph 24, and therefore denies the same.

25. LifeVac is without knowledge and information sufficient to form a belief as to the factual allegations in Paragraph 25, and therefore denies the same. To the extent that Paragraph 25 alleges that LifeVac has caused and continues to cause immediate and irreparable harm to Plaintiffs, LifeVac denies that allegation.

## U.S. PATENT NO. 11,478,115[4]

26. With respect to Paragraph 26, LifeVac admits that the '115 Patent, on its face, lists Arthur Lih as the named inventor and applicant and identifies August 21, 2018 as its issue date.

27. With respect to Paragraph 27, LifeVac admits that the '115 Patent, on its face, is entitled "Choking intervention device and method of use thereof." LifeVac also admits that Paragraph 27 correctly quotes part of the Abstract of the '115 Patent. The remaining allegations of Paragraph 27 state a legal conclusion to which no response is required. To the extent a response is required, LifeVac denies the remaining allegations of Paragraph 27.

---

[4] Plaintiffs again identify a second wrong patent, "U.S. Patent No. 11,478,115," which is titled "Autonomous traveling cleaner." LifeVac does not own that patent.

28. With respect to Paragraph 28, LifeVac admits that the '115 Patent has two independent claims and sixteen dependent claims. The remaining allegations of Paragraph 28 state a legal conclusion to which no response is required. To the extent a response is required, LifeVac denies the remaining allegations of Paragraph 28.

## COUNT I
## (DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '115 PATENT)

29. No response is required to the general re-allegation and incorporation by reference of the preceding paragraphs. To the extent a response is required, LifeVac hereby incorporates by reference its responses to Paragraphs 1 through 28.

30. Paragraph 30 states a legal conclusion to which no response is required. To the extent a response is required, LifeVac denies these allegations.

31. Paragraph 31 states a legal conclusion to which no response is required. To the extent a response is required, LifeVac denies these allegations.

32. Paragraph 32 states a legal conclusion to which no response is required. To the extent a response is required, LifeVac denies these allegations.

33. Paragraph 33 states a legal conclusion to which no response is required. To the extent a response is required, LifeVac denies these allegations.

34. Paragraph 34 states a legal conclusion to which no response is required. To the extent a response is required, LifeVac denies these allegations.

35. Paragraph 35 states a legal conclusion to which no response is required. To the extent a response is required, LifeVac denies these allegations.

36. Paragraph 36 states a legal conclusion to which no response is required. To the extent a response is required, LifeVac denies these allegations.

37. Paragraph 37 states a legal conclusion to which no response is required. To the extent a response is required, LifeVac denies these allegations.

38. LifeVac denies the allegations of Paragraph 38.

## COUNT II
## (DECLARATORY JUDGMENT OF INVALIDITY OF THE '115 PATENT)

39. No response is required to the general re-allegation and incorporation by reference of the preceding paragraphs. To the extent a response is required, LifeVac hereby incorporates by reference its responses to Paragraphs 1 through 38.

40. Paragraph 40 states a legal conclusion to which no response is required. To the extent a response is required, LifeVac denies these allegations.

41. Paragraph 41 states a legal conclusion to which no response is required. To the extent a response is required, LifeVac denies these allegations.

42. With respect to Paragraph 42, LifeVac admits that, on its face, U.S. Patent No. 4,971,053 appears to be titled "Suction mask to relieve choking," lists Edward as a named inventor, was filed on May 4, 1989, and issued on November 20, 1990. To the extent the remainder of the allegations of Paragraph 42 require a response, LifeVac denies these allegations.

43. With respect to Paragraph 43, LifeVac admits that, on its face, U.S. Patent No. 4,643,719 appears to be titled "Manually operable aspirator," lists Garth as a named inventor, was filed on July 19, 1984, and issued February 17, 1987.

44. Paragraph 44 states a legal conclusion to which no response is required. To the extent a response is required, LifeVac denies these allegations.

45. LifeVac denies the allegations of Paragraph 45.

7

## COUNT III
## (TORTIOUS INTERFERENCE WITH EXISTING BUSINESS RELATIONSHIPS)

46. No response is required to the general re-allegation and incorporation by reference of the preceding paragraphs. To the extent a response is required, LifeVac hereby incorporates by reference its responses to Paragraphs 1 through 45.

47. LifeVac denies the allegations of Paragraph 47.

48. LifeVac denies the allegations of Paragraph 48.

49. LifeVac denies the allegations of Paragraph 49.

50. LifeVac denies the allegations of Paragraph 50.

51. LifeVac denies the allegations of Paragraph 51.

52. LifeVac denies the allegations of Paragraph 52.

53. LifeVac denies the allegations of Paragraph 53.

## PRAYER FOR RELIEF

With respect to Plaintiffs' request for relief, LifeVac denies that Plaintiffs are entitled to any relief for the allegations and claims made in the Complaint, including the relief requested in paragraphs A-I.

## ANSWER TO THE PLAINTIFFS' JURY DEMAND

LifeVac admits that the Plaintiffs have demanded a trial by jury on all issues so triable. The Plaintiffs' Jury Demand does not state an allegation to which a responsive pleading is required.

Pursuant to Federal Rule of Civil Procedure 38, LifeVac demands a trial by jury on all issues triable of right.

## AFFIRMATIVE DEFENSES

Without prejudice to the denials set forth in this Answer, LifeVac further responds to the Complaint with the defenses set forth below. LifeVac expressly reserves the right to supplement

8

this Answer, including the right to assert additional defenses as more information is learned through discovery and further factual investigation in this case. LifeVac does not assume the burden of proof over matters as to which, pursuant to law, Plaintiffs bear the burden of proof.

### FIRST AFFIRMATIVE DEFENSE
### (Infringement)

54. Plaintiffs have infringed and continue to infringe (directly, indirectly, literally, and/or under the doctrine of equivalents) the '115 Patent under 35 U.S.C. § 271 by making, using, selling, offering for sale in the United States, and/or importing into the United States products (including the Choking Rescue Device) that embody or use the inventions claimed in the '115 Patent. Accordingly, Plaintiffs are not entitled to declaratory relief of non-infringement.

### SECOND AFFIRMATIVE DEFENSE
### (Validity)

55. Each claim of the '115 Patent is valid and enforceable.

### THIRD AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

56. The Complaint fails to state a claim upon which relief may be granted.

### FOURTH AFFIRMATIVE DEFENSE
### (Equitable Defenses)

57. Any claim for damages or equitable relief by the Plaintiffs is barred, in whole or in part, by the equitable doctrines of unclean hands, waiver, estoppel, and/or any other equitable remedy.

### FIFTH AFFIRMATIVE DEFENSE
### (No Injunctive Relief)

58. Plaintiffs are not entitled to any injunctive relief because, *inter alia*, any alleged injury to the Plaintiffs is not immediate or irreparable, Plaintiffs have an adequate remedy at law, and/or public policy concerns weigh against injunctive relief.

## SIXTH AFFIRMATIVE DEFENSE
**(No Exceptional Case)**

59. Plaintiffs fail to state a claim for being an exceptional case under 35 U.S.C. § 285 or any other applicable statute or inherent judicial power.

## SEVENTH AFFIRMATIVE DEFENSE
**(No Willfulness)**

60. LifeVac's actions have not been willful so as to constitute an award to Plaintiffs of enhanced, special, or punitive damages.

## EIGHTH AFFIRMATIVE DEFENSE
**(No Tortious Interference)**

61. LifeVac's actions were truthful, were not baseless, and made in good faith such that LifeVac's actions did not tortiously interfere with any existing business relationship.

## RESERVATION OF ADDITIONAL DEFENSES

62. LifeVac reserves the right to assert additional defenses in the event that discovery and/or other analysis indicate that additional affirmative defenses are appropriate.

## COUNTERCLAIMS

1. Defendants-Counterclaim Plaintiffs Arthur Lih and Defendant Life Vac LLC (collectively, "LifeVac"), by and through their undersigned counsel, assert the following Counterclaims against Plaintiffs-Counterclaim Defendants Shaoshan Zhangzhu Trading Co., Ltd., Wenxi Lixinhui Trading Co., Ltd., Changsha Tanxiang Trading Co., Ltd., Xiangtan Xingyan Trading Co., Ltd., Boai County Wenkang Department Store Online Shop, Xiangxiang Junkoujin Trading Co., Ltd., and Xianyou County Huanke Trading Co., Ltd (collectively, "Infringing Defendants") that United States Patent No. 10,052,115 ("the '115 Patent") is infringed by Infringing Defendants' unauthorized commercial manufacture, use, importation, offer for sale, and sale of the Accused Devices in the United States of Infringing Defendants' Choking Rescue Devices ("Accused Devices") under the Patent Act, 35 U.S.C. § 271.

## INTRODUCTION

2. LifeVac is the original inventor and manufacturer of a bellows-type anti-choking device. This is a non-powered, non-invasive, single-use pump device effective in resuscitating choking victims when choking protocols were followed without success. LifeVac's device operates by creating an airtight suction when placed over the mouth of a choking person, thereby removing food or other objects lodged in his or her airway. In the years since its founding, LifeVac has designed and manufactured choking rescue devices for use on both small children and adults. These devices have been adopted for use by EMTs, police and fire departments, and schools around the country. LifeVac's device is responsible for saving more than 3,200 confirmed lives to date. LifeVac's device has received national acclaim, including coverage on popular television and news programs, such as Fox and Friends and Inside Edition. LifeVac's device has also been featured in medical journals and magazines, such as Pediatrics and Therapeutics, the International Journal of

11

Pediatric Otorhinolaryngology, and MedTech Outlook Magazine.

3. This counterclaim involves Infringing Defendants' unlawful, unauthorized, and expressly prohibited sale of the Accused Devices in the United States, primarily through the Amazon.com e-commerce platform ("Amazon"). Infringing Defendants' sales of the Accused Devices have caused and continues to cause significant harm to LifeVac because sale of these products infringes at least one claim of the '115 Patent under the Patent Act, 35 U.S.C. § 271.

**PARTIES**

4. Defendant-Counterclaim Plaintiff LifeVac LLC is a New York limited liability company with its principal place of business in Nesconset, New York.

5. Defendant-Counterclaim Plaintiff Arthur Lih is an individual residing in the state of Florida.

6. Upon information and belief, Infringing Defendant Shaoshan Zhangzhu Trading Co., Ltd. is a foreign company organized under the laws of the People's Republic of China and sells the Accused Devices on Amazon under the name "Aodenn."

7. Upon information and belief, Infringing Defendant Wenxi Lixinhui Trading Co., Ltd., is a foreign company organized under the laws of the People's Republic of China and sells the Accused Devices on Amazon under the name "AODENN-."

8. Upon information and belief, Infringing Defendant Changsha Tanxiang Trading Co., Ltd., is a foreign company organized under the laws of the People's Republic of China and sells the Accused Devices on Amazon under the name "Dlilidi--."

9. Upon information and belief, Infringing Defendant Xiangtan Xingyan Trading Co., Ltd., is a foreign company organized under the laws of the People's Republic of China and sells the Accused Devices on Amazon under the name "Dililidi~."

10. Upon information and belief, Infringing Defendant Boai County Wenkang Department Store Online Shop is a foreign company organized under the laws of the People's Republic of China and sells the Accused Devices on Amazon under the name "Dlilidi-US."

11. Upon information and belief, Infringing Defendant Xiangxiang Junkoujin Trading Co., Ltd., is a foreign company organized under the laws of the People's Republic of China and sells the Accused Devices on Amazon under the name "Dililidi-."

12. Upon information and belief, Infringing Defendant Xianyou County Huanke Trading Co., Ltd., is a foreign company organized under the laws of the People's Republic of China and sells the Accused Devices on Amazon under the name "Dililidi·."

## JURISDICTION AND VENUE

13. This court has original jurisdiction over LifeVac's counterclaims pursuant to 28 U.S.C. §§ 1331 and 1338(a) because they arise under the Patent Statute at 35 U.S.C. §§ 101, *et seq.*, and supplemental jurisdiction over LifeVac's counterclaims pursuant to 28 U.S.C. § 1367(a) because the counterclaims are so related to Plaintiffs' claims that they form part of the same case or controversy under Article III of the United States Constitution.

14. Venue is proper in this district under 28 U.S.C. §§ 1391(b) and 1400(b).

## U.S. PATENT NO. 10,052,115

15. United States Patent No. 10,052,115 ("the '115 Patent"), titled "Choking intervention device and method of use thereof," was duly and legally issued on August 21, 2018, and names Arthur Lih as the inventor and applicant. Attached as Exhibit 1 is a true and correct copy of the '115 Patent.

16. The '115 Patent claims, among other things, a choking intervention device.

17. The '115 Patent has two independent claims and sixteen dependent claims.

18. The claims of the '115 Patent are valid, enforceable, and currently in full force and effect until expiration.

19. Arthur Lih owns the '115 Patent with all substantial rights, including the right to sue for infringement.

20. LifeVac LLC is authorized to enforce the '115 Patent by Arthur Lih, including the right to sue for infringement.

### INFRINGING DEFENDANTS' INFRINGING ACTIVITIES

21. Upon information and belief, the Infringing Defendants have infringed and continue to infringe the '115 Patent by making, using, selling, offering for sale, and importing the Accused Devices in the United States, which embody or use the inventions claimed in the '115 Patent.

22. As part of LifeVac's regular due diligence, it monitors the anti-choking device marketplace, including on Amazon, for products that are potentially covered by the scope of the '115 Patent. As a result of this diligence, LifeVac identified Amazon sellers using the brand names "AODENN" and "DLILIDI" as selling anti-choking devices (*i.e.*, the Accused Devices) that appeared to be covered by the scope of the '115 Patent. The Accused Devices were being sold under a number of Amazon Standard Identification Numbers ("ASINs") including: B0D94HKXVW; B0D41XX2PJ; B0D94JXTFQ (each under the AODENN brand); and B0DDBT1JSJ; B0D7HXC8KM; B0D94MV11C; B0D7HTNQL6 (each under the DLILIDI brand).

23. On or about March 19, 2025, LifeVac notified Amazon that the Accused Devices infringed the '115 Patent and requested removal of the relevant ASINs. Amazon determined that LifeVac's submission was suitable for Amazon's Patent Evaluation Express program ("APEX").

LifeVac provided Amazon with the necessary documentation to begin the APEX proceeding on or about March 20, 2025. Upon information and belief, Amazon notified the Infringing Defendants on or about March 20, 2025 about LifeVac's APEX proceedings and gave them three weeks to elect whether to participate. On or about April 11, 2025, Amazon notified LifeVac that all of the Infringing Defendants declined to participate in the APEX proceedings. Upon information and belief, Amazon removed the reported ASINs thereafter.

24. After April 11, 2025, the Infringing Defendants have continued to sell the Accused Devices through newly created Amazon listings, relisting the same Accused Products on ASINs that Amazon failed to remove, and/or listings that were not identified in LifeVac's notification to Amazon. On or about April 28, 2025, LifeVac purchased three Accused Devices from each of ASINs B0D41ZD6LB (identified as being offered for sale under the AODENN brand) and B0D7HS7FYZ (identified as being offered for sale under the DLILIDI brand). Each of the Accused Devices came in a plastic bag with an anti-choking device, two or four facemasks (adult and pediatric), a carrying case, and an instructions booklet and cards for using the device.

25. Upon information and belief, the Accused Devices sold under both the AODENN and DLILIDI brands are identical.

26. The Accused Devices directly infringe or indirectly infringement of at least one claim of the '115 Patent, literally or under the doctrine of equivalents. A claim chart detailing infringement by the Accused Devices of claim 1 of the '115 Patent is attached as Exhibit 2.

27. The Accused Devices copy the design, shape, size, and color of LifeVac's own patented anti-choking device. The Accused Devices also provide directions for use. As shown in the instructions accompanying the Accused Devices, the user must (1) place, (2) push, and (3) pull with the device. The Accused Devices are copies of LifeVac's patented choking intervention device.

### COUNT I: INFRINGEMENT OF THE '115 PATENT

28. The allegations of paragraphs 1 to 27 are realleged and incorporated herein by reference.

29. Infringing Defendants have infringed, and are continuing to infringe, literally or under the doctrine of equivalents, at least claim 1 of the '115 Patent by the manufacture, use, offer to sell, sale, and/or import of the Accused Devices, in violation of 35 U.S.C. § 271. *See* Exhibit 2.

30. Infringing Defendants have been on notice of the '115 Patent at least since March 20, 2025, when Amazon notified the Infringing Defendants that LifeVac had initiated the APEX process.

31. Despite this notice, Infringing Defendants have not ceased selling the Accused Devices and continue selling them.

32. Infringing Defendants' continued sale and importation of the Accused Devices in violation of the '115 Patent have damaged LifeVac by causing lost profits, price erosion, damages, confusion, and other injuries.

33. Accordingly, Infringing Defendants' acts of infringement of the '115 Patent were and are willful, without any reasonable basis for believing that they had a right to engage in the infringing conduct, and have caused and will continue to cause substantial damages and irreparable harm to LifeVac, and LifeVac has no adequate remedy at law.

34. Infringing Defendants' continued infringement actions render this an exceptional case under 35 U.S.C. § 285.

**REQUEST FOR RELIEF**

**WHEREFORE**, LifeVac respectfully requests the following relief:

A. A judgment that the Infringing Defendants have infringed the '115 Patent in violation of 35 U.S.C. § 271;

B. A judgment temporarily, preliminarily, or permanently enjoining the Infringing Defendants, their parents, subsidiaries, affiliates, divisions, officers, agents, servants, employees, directors, partners, representatives, all individuals and entities in active concert and/or participation with it, and all individuals and/or entities within its control from engaging in patent infringement of the '115 Patent ;

C. Ordering the Infringing Defendants to account and pay damages adequate to compensate LifeVac for the Infringing Defendants' infringement of the '115 Patent, including pre-judgment and post-judgment interest and costs pursuant to 35 U.S.C. § 284;

D. Ordering an accounting for any infringing sales not presented at trial and an award by the Court of additional damages for any such infringing sales;

E. Ordering that the damages award be increased up to three times the actual amount assessed pursuant to 35 U.S.C. § 284;

F. Declaring this case exceptional and awarding LifeVac its reasonable attorney's fees pursuant to 35 U.S.C. § 285;

G. Costs and expenses in this action; and

H. Such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

LifeVac demands a trial by jury on all claims and issues so triable under Federal Rule of Civil Procedure 38(b).

Dated: July 21, 2025

Respectfully submitted,

**ARENTFOX SCHIFF LLP**
 /s/ Taniel Anderson
Taniel Anderson (*pro hac vice*)
ArentFox Schiff LLP
1717 K Street NW
Washington, DC 20006
(202) 857-6320
taniel.anderson@afslaw.com

Marylee Jenkins
Peter Busch
ArentFox Schiff LLP
1301 Avenue of the Americas
42nd Floor
New York, NY 10019
(212) 484-3900
marylee.jenkins@afslaw.com
peter.busch@afslaw.com

*Counsel for Defendants-Counterclaim Plaintiffs*

**CERTIFICATE OF SERVICE**

      This is to certify that today I have caused the foregoing Defendants' Answer, Defenses, and Counterclaims to be electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to all counsel of record, including:

| | |
|---|---|
| Wei Wang, Esq. | Tao Liu, Esq. |
| GLACIER LAW LLP | GLACIER LAW LLP |
| 41 Madison Avenue, Suite 2529 | 41 Madison Avenue, Suite 2529 |
| New York, NY 10010 | New York, NY 10010 |
| wei.wang@glacier.law | Tao.liu@glacier.law |

*Attorneys for Plaintiffs*

Dated: July 21, 2025                                            */s/ Peter Busch*
                                                                                  Peter Busch